13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

Case: 2:21-cr-20747
Judge: Berg, Terrence G.
MJ: Altman, Kimberly G.
Filed: 12-14-2021
INDI USA VS SEALED MATTER (DP)

D-1   CESAR MATIA GARCIA, a.k.a. "Cee,"

D-2   KYLE ALLAN KENNARD,
       a.k.a. "Whopp Dogg," a.k.a. "Dogg," a.k.a., "Whopp,"

D-3   LEO BRADLEY TODD, a.k.a. "LWay," a.k.a. "Sway,"

D-4   CORDERALLA PIERA CAMPBELL, a.k.a. "Chi," a.k.a. "Teezy,"

D-5   PERISE JAAMAR SMITH, a.k.a. "P,"

D-6   JALIN DEANDRE GARDNER, a.k.a. "Styles," a.k.a. "Stizie,"

D-7   MARCOS ANTONIO MONARREZ,

D-8   ISMAEL RODRIGUEZ,

D-9   KAPRI FATIMA OLDHAM,

D-10 RAMIKA SHANEE BOAZE,

D-11 BRIANNA TESHARRI BLAKE,

D-12 DARRION LANAE WASHINGTON, a.k.a. "Hannah,"

D-13 CATEASHA LATREASE WELLS-IVY,

           Defendants.
_____/

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE
(21 U.S.C. §§ 846, 841(a)(1)) – Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

D-1 CESAR MATIA GARCIA, a.k.a. "Cee,"

D-2 KYLE ALLAN KENNARD,
   a.k.a. "Whopp Dogg," a.k.a. "Dogg," a.k.a., "Whopp,"

D-3 LEO BRADLEY TODD,
   a.k.a. "LWay," a.k.a. "Sway,"

D-4 CORDERALLA PIERA CAMPBELL,
   a.k.a. "Chi," a.k.a. "Teezy,"

D-5 PERISE JAAMAR SMITH, a.k.a. "P,"

D-6 JALIN DEANDRE GARDNER,
   a.k.a. "Styles," a.k.a. "Stizie,"

D-7 MARCOS ANTONIO MONARREZ,

D-8 ISMAEL RODRIGUEZ,

D-9 KAPRI FATIMA OLDHAM,

D-10 RAMIKA SHANEE BOAZE

From in or about February 2019 through in or about December 14, 2021, said dates being approximate, in the Eastern District of Michigan and elsewhere, Defendants CESAR MATIA GARCIA, a.k.a. "Cee," KYLE ALLAN KENNARD, a.k.a. "Whopp Dogg," a.k.a. "Dogg," a.k.a. "Whopp," LEO BRADLEY TODD, a.k.a. "LWay," a.k.a. "Sway," CORDERALLA PIERA CAMPBELL, a.k.a. "Chi," a.k.a. "Teezy," PERISE JAAMAR SMITH, a.k.a. "P," JALIN DEANDRE GARDNER, a.k.a. "Styles," a.k.a. "Stizie," MARCOS ANTONIO MONARREZ, ISMAEL RODRIGUEZ, KAPRI FATIMA OLDHAM, RAMIKA SHANEE BOAZE, and others known and unknown to the Grand Jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with one another and with other persons both known and unknown to the Grand Jury to possess with intent to distribute and to distribute controlled substances, namely a mixture or substance containing a detectable amount of Fentanyl (a Schedule II Controlled Substance), a mixture or substance containing a detectable amount of Methamphetamine (a Schedule II Controlled Substance), a mixture or substance containing a detectable amount of powder Cocaine (a Schedule II Controlled Substance), a mixture or substance containing a detectable amount Marijuana (a Schedule I Controlled Substance), and a mixture or substance containing a detectable amount of Cocaine Base (also known as "crack") (a Schedule II

Controlled Substance); all in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

D-1 CESAR MATIA GARCIA – with respect to Defendant Cesar Matia Garcia, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl, 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, a quantity of a mixture or substance containing a detectable amount of Cocaine, and a quantity of a mixture or substance containing a detectable amount of Marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-2 KYLE ALLAN KENNARD - with respect to Defendant Kyle Allen Kennard, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl, 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 500 grams or more of a mixture or

substance containing a detectable amount of Cocaine, a quantity of a mixture or substance containing a detectable amount of Marijuana, and 280 grams or more of a mixture or substance containing a detectable amount of Crack Cocaine, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-3   LEO BRADLEY TODD - with respect to Defendant Leo Bradley Todd, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl, 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 500 grams or more of a mixture or substance containing a detectable amount of Cocaine, and a quantity of a mixture or substance containing a detectable amount of Marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-4   CORDERALLA PIERA CAMPBELL – with respect to Defendant Corderalla Piera Campbell, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture or substance

containing a detectable amount of Fentanyl, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-5   PERISE JAAMAR SMITH - with respect to Defendant Perise Jaamar Smith, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-6   JALIN DEANDRE GARDNER - with respect to Defendant Jalin Deandre Gardner, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of Fentanyl, 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, and 500 grams or more of a mixture or substance containing a detectable amount of Cocaine, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-7   MARCOS ANTONIO MONARREZ - with respect to Defendant Marcos Antonio Monarrez, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a quantity of a mixture or substance containing a detectable amount of Fentanyl, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-8   ISMAEL RODRIGUEZ - with respect to Defendant Ismael Rodriguez, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl, and 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-9   KAPRI FATIMA OLDHAM - with respect to Defendant Kapri Fatima Oldham, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 500 grams or more of a quantity of a mixture or substance

containing a detectable amount of Cocaine, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

D-10 RAMIKA SHANEE BOAZE - with respect to Defendant Ramika Shanee Boaze, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl, 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, and a quantity of a mixture or substance containing a detectable amount of Cocaine, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### COUNT TWO
(21 U.S.C. §§ 1956(a), 1956(h) – Conspiracy to Launder Monetary Instruments)

D-1 CESAR MATIA GARCIA, a.k.a. "Cee,"

D-2 KYLE ALLAN KENNARD,
    a.k.a. "Whopp Dogg," a.k.a. "Dogg," a.k.a., "Whopp,"

D-3 LEO BRADLEY TODD, a.k.a. "LWay," a.k.a. "Sway,"

D-4 CORDERALLA PIERA CAMPBELL, a.k.a. "Chi," a.k.a. "Teezy,"

D-9 KAPRI FATIMA OLDHAM,

D-11  BRIANNA TESHARRI BLAKE,

D-12  DARRION LANAE WASHINGTON, a.k.a. "Hannah,"

D-13  CATEASHA LATREASE WELLS-IVY

From in or about February 2019 through in or about December 14, 2021, said dates being approximate, in the Eastern District of Michigan and elsewhere, Defendants CESAR MATIA GARCIA, a.k.a. "Cee," KYLE ALLAN KENNARD, a.k.a. "Whopp Dogg," a.k.a. "Dogg," a.k.a. "Whopp," LEO BRADLEY TODD, a.k.a. "LWay," a.k.a. "Sway," CORDERALLA PIERA CAMPBELL, a.k.a. "Chi," a.k.a. "Teezy," KAPRI FATIMA OLDHAM, BRIANNA TESHARRI BLAKE, DARRION LANAE WASHINGTON, a.k.a. "Hannah," CATEASHA LATREASE WELLS-IVY and others known and unknown to the Grand Jury, did knowingly, intentionally, an unlawfully combine, conspire, and agree with one another and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, namely to conduct and attempt to conduct financial transactions knowing that the property involved in said transactions represents the proceeds of some form of unlawful activity and which in fact involves the proceeds of specified unlawful activity, namely conspiracy to distribute controlled substances, with the intent to promote the carrying on of that conspiracy and knowing that the

transaction is designed in whole or in part to conceal, and disguise the nature, source, ownership and control of the proceeds of that controlled substances conspiracy, and to avoid a transaction reporting requirement under Federal or State law; all in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii).

## CRIMINAL FORFEITURE ALLEGATIONS
(18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(a))

Upon conviction of a controlled substance violation of Title 21, United States Code, Sections 841 and 846, as alleged in Count One of this Indictment, the defendant(s) shall forfeit to the United States, pursuant to 21 United States Code § 853(a):

A.  Any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation of 21 U.S.C. §§ 841 and 846; and

B.  Any property, real or personal, used, or intended to be used, in any manner, to commit, or to facilitate the commission of, the violation of 21 U.S.C. §§ 841 and 846.

Upon conviction of a money laundering violation of Title 18, United States Code, Sections 1956(a) and (h), as alleged in Count Two of this Indictment, the

defendant(s) shall forfeit to the United States, pursuant to 18 United States Code Section 982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property.

Such property includes, but is not limited to:

- 18kt White Gold Diamond Encrusted Day-Date II Rolex Automatic Watch;
- 18kt Yellow Gold and Stainless Steel Diamond Encrusted DateJust Rolex Automatic Watch;
- $15,000.00 in U.S. Currency;
- $10,416.00 in U.S. Currency;
- $31,320.00 in U.S. Currency;
- $3,200.00 in U.S. Currency;
- $9,604.00 in U.S. Currency; and
- $1,900.00 in U.S. Currency.

Forfeiture Money Judgment: Such property also includes, but is not limited to, a forfeiture money judgment against the defendant(s) in an amount to be determined, representing the total value of all property subject to forfeiture, as described herein.

Substitute Assets: Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)-(2), each defendant shall forfeit substitute property, up to the value of the properties

identified for forfeiture, if, by any act or omission of the defendant, the properties identified for forfeiture cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2, Federal Rules of Criminal Procedure.

**THIS IS A TRUE BILL.**

s/ Grand Jury Foreperson
**GRAND JURY FOREPERSON**

SAIMA S. MOHSIN
Acting United States Attorney

/s/ Julie A. Beck
Chief, Drug Task Force


/s/ David J. Portelli
DAVID J. PORTELLI
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9711
e-mail: dave.portelli@usdoj.gov
(Bar No. P-40688)

Dated: December 14, 2021

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: *DP* |

**Case Title:** USA v. Cesar Matia Garcia, et. al.

**County where offense occurred :** Wayne

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

   ✓ Indictment/____Information --- **no** prior complaint.
   ____Indictment/____Information --- based upon prior complaint [Case number:                    ]
   ____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
|  |  |  |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

12/14/2021
Date

*David Portelli* (signature)
David Portelli
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9711
Fax:   313-226-3265
E-Mail address: Dave.Portelli@usdoj.gov
Attorney Bar #: P40688

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.